**3**

Stephen C. Ferlmann (SBN: 214881)
Chapter 7 Trustee
P.O. BOX 579375
1127 12th Street, Ste 202
MODESTO, CA 95357-9375
Tel: (209) 236-1311
Fax: (209) 236-1811

TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

(Sacramento Division)

In Re:

Fernando Manjarrez Barrera

ssn:xxx-xx-8994

Debtor.

Case No: 09-42814-A-7

Chapter 7 Case

DC No, SCF -1

Date: June 21, 2010
Time: 9:00 a.m
Place: Courtroom No. 28, 7th Floor

**MOTION FOR AUTHORITY TO SELL NON-EXEMPT EQUITY**

**IN PERSONAL PROPERTY TO DEBTOR**

TO:   The Honorable Michael S. McManus, U.S Bankruptcy Judge:

The Chapter 7 Trustee, Stephen C. Ferlmann (the "Trustee") pursuant to 11 U.S.C §363(b) and Federal Rule of Bankruptcy Procedure 6004, respectfully moves the Court to sell to the Debtor the non-exempt equity in certain personal property in exchange for a payment of $3,000.00, and in support respectfully represents:

1.   This Court has jurisdiction of this matter under 28 U.S.C § 1334 and 157(a).

2.   On October 21, 2009 the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code, in the above entitled court; Stephen C. Ferlmann is the duly appointed Trustee in the case.

3. Among the assets of the Chapter 7 bankruptcy estate is the Debtor's interest a 1970 Opel vehicle (the "Property"), to which the Debtor assigned a fair market value of $300.00.

4. The Trustee is informed and believes that said Property is unencumbered and that the Debtor has possession of the title thereto. The Debtor's bankruptcy Schedule D reflects no lien or security interest claimed by any secured creditor in the Property.

5. The Debtor has asserted an exemption in the 1970 Opel pursuant to California Code of Civil Procedure ("CCP") §703.140 in the amount of $300.00.

6. Based upon an NADA value of comparable vehicles, the Trustee believes the value of the Property to be $4,375.00.

7. Debtor wishes to retain the Property and desires to purchase the non-exempt equity in the Property from the bankruptcy estate.

8. Accordingly, the Trustee and the Debtor has entered into an Equity Sale Agreement (the "Agreement") which provides that the Debtor shall pay the bankruptcy estate the total cash sum of $3,000.00 (the "Purchase Amount") for the non-exempt equity in the Property. A copy of the Equity Sale Agreement is attached to the List of Exhibits filed concurrently herewith. The Agreement further provides that the Purchase Amount shall be non-exempt property of the Debtor's bankruptcy estate. Upon payment of the Purchase Amount, the Debtor shall be entitled to retain the Property and the Property shall cease being property of the bankruptcy estate.

9. 11 U.S.C. § 363(b)(1) authorizes a trustee, after notice and hearing, to sell property of the estate other than in the ordinary course of business.

10. The Trustee believes that the sale of the non-exempt equity in the Property to the Debtor is in the best interests of the estate and should be approved by the Court. The proposed equity sale is an equitable and expeditious manner of liquidating the Property by which the bankruptcy estate will eliminate risks, costs, and delays of liquidating such assets by way of public auction.

WHEREFORE, Trustee respectfully requests that the Court approve the Agreement, and authorize the Trustee to enter into the proposed sale of the non-exempt equity in the Property to the Debtor.

Dated: May 21, 2010

Stephen C. Kerlmann
Chapter 7 Bankruptcy Trustee